UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FREDERICK PRINCETON NEAL,

                     Petitioner,                          Case No. 1:16-cv-992

v.                                                        Honorable Robert J. Jonker

SHERMAN CAMPBELL,

                     Respondent.
_____/

**<u>OPINION</u>**

            This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.
§ 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a
preliminary review of the petition to determine whether "it plainly appears from the face of the
petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."
Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be
summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court
has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4
includes those petitions which raise legally frivolous claims, as well as those containing factual
allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.
1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must
be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner Frederick Princeton Neal presently is incarcerated at the Carson City Correctional Facility.  He is serving three concurrent terms of 35 years to 60 years imprisonment for assault with intent to commit murder in violation of MICH. COMP. LAWS § 750.83.[1]  Petitioner was sentenced after his guilt was determined in a bench trial in Kent County Circuit Court.  The Michigan Court of Appeals concisely described the factual background of Petitioner's offenses:

> There was testimony and evidence that, on the night at issue, Neal and Ronald Payne-Myles went to a bar in Grand Rapids, Michigan, after Payne-Myles received a call from his ex-girlfriend, Amanda North, indicating she was with another man, Aaron Bennett.  Payne-Myles confronted Bennett at the bar and they fought.  The bar's security personnel then escorted the men outside.

> Richard Snyder testified that, after escorting the men outside, he heard the shooter say, "[Y]a'll motherfuckers are going to die."  Another witness, Derek Loutzenhiser, testified that he saw two men by an SUV and heard one of the men say, "I'm about ready to bust my nine."  The shooter then proceeded to open fire, hitting Bennett, one of his friends, and another patron who was outside.  Bennett testified that the shooter was about 8 to 10 feet away from the victims when he opened fire.  The shooter drove off in a black Tahoe after the shooting.  Neal was later identified as the shooter, and was found in possession of a black Tahoe and clothing matching the description given by witnesses.

*People v. Neal*, No. 318969, 2015 WL 1224146 at *1 (Mich. Ct. App. Mar. 17, 2015).

Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising one claim of error: "Petitioner was denied his state and federal constitutional due process rights where his convictions are not supported by sufficient evidence of guilt."  (Pet., ECF No. 1, PageID.3.)  The Michigan Court of Appeals rejected Petitioner's claim of error in an opinion dated March 17, 2015.

---

[1]Petitioner is also serving two sentences in connection with the same November 18, 2012 incident: a concurrent sentence of 3 years to 10 years imprisonment for carrying a concealed weapon in violation of MICH. COMP. LAWS § 750.227; and a consecutive sentence of 2 years imprisonment for possessing a firearm when committing a felony in violation of MICH. COMP. LAWS § 750.227b.  In addition, Petitioner is serving  a sentence of 1 year to 5 years imprisonment relating to a different incident following his guilty plea to a drug offense in Ionia County Circuit Court. That conviction and sentence, however, are not at issue in this petition.

Petitioner raised the same issue in an application for leave to appeal filed in the Michigan Supreme Court.  That court denied leave by order dated September 9, 2015.  Petitioner did not file a petition for certiorari in the United States Supreme Court.

On August 3, 2016, Petitioner filed this action raising the same issue he raised in the Michigan appellate courts.

### **Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d

at 655.  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court.  *Greene v. Fisher*, 132 S. Ct. 38 (2011).  Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits.  *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656.  This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

        A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Id.*  Issues of credibility may not be reviewed by the habeas court under this standard.  *See Herrera v. Collins*, 506 U.S. 390, 401 02 (1993).  Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law.  *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

        The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319.  Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case:  First, deference should be given to the trier of fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [appellate court's] consideration of the trier of fact's verdict, as dictated by AEDPA.'"  *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)

-5-

(en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)).  This standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency of the evidence grounds.  *Id.* at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

The Michigan Court of Appeals identified the appropriate test for resolving Petitioner's sufficiency challenge: "This Court reviews a challenge to the sufficiency of the evidence by reviewing 'the record evidence de novo in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt.'" *Neal*, 2015 WL 1224146 at *1 (citing *People v. Roper*, 777 N.W.2d 483, 489 (Mich. Ct. App. 2009)).[2]  Applying that test, the Michigan Court of Appeals resolved Petitioner's sufficiency challenge as follows:

> When determining whether Neal had the specific intent to kill, the trier of fact could properly rely on circumstantial evidence and draw reasonable inferences from the evidence produced at trial.  *People v. Taylor*, 375 N.W.2d 1, 7-8 (1985).  In reaching its decision, the trier of fact could consider:
>
>> the nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made.
>
> [*Id*. at 8 (quotation marks and citation omitted).]

*      *      *

---

[2]Although the Michigan Court of Appeals cited a state court decision, *Roper*, the standard is the *Jackson* standard.  The court in *Roper* relied upon *People v. Martin*, 721 N.W.2d 815, 852 (Mich. Ct. App. 2006), for a statement of the appropriate test.  The court in *Martin*, in turn, relied upon *People v. Moorer*, 683 N.W.2d 736, 744 (Mich. Ct. App. 2004).  The court in *Moorer*, relied upon *People v. Nowack*, 614 N.W.2d 78, 81 (Mich. 2000). The court in *Nowack* relied upon *Jackson*, 443 U.S. at 307.

From the evidence of the prior altercation, the proximity of the shooter to the victims, the statements made prior to the shooting, and the dangerous weapon used, a reasonable finder of fact could find that Neal fired his handgun with the specific intent to kill Bennett and his friend. *Taylor*, 375 N.W.2d at 7-8. Additionally, where a defendant has the requisite intent but mistakenly injures an unintended victim, his intent may be transferred to the unintended victim. *People v. Hodge*, 162 N.W. 966 (1917). Here, Neal's specific intent to kill Bennett and his friend may be transferred to the unintended victim.

There was sufficient evidence of Neal's intent.

*Neal*, 2015 WL 1224146 at *1-2 (parallel citations omitted).

This Court is bound by the Michigan Court of Appeals interpretation of state law. The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). Thus, when the Michigan Court of Appeals declares that murderous intent can be found based on circumstantial evidence and reasonable inference therefrom, this Court must accept that declaration. To the extent Petitioner's habeas challenge depends on the opposite conclusion, the challenge necessarily fails.

Similarly, when the Court of Appeals finds facts with respect to the existence of the prior altercation, the proximity of the shooter to the victims, the statements made prior to the shooting, and the dangerousness of the weapon used; this Court must presume those facts to be correct. Petitioner can overcome that presumption with clear and convincing evidence, but he has not done so here. Instead, he contends that the determination of his intent to kill was based on "one witness's testimony . . . which was contrary to the testimony of nine other witnesses . . . ." (Pet.,

ECF No. 1, PageID.6.) Petitioner, therefore, acknowledges that the testimony of the "one witness" supports the state court's determination with respect to his intent.

Petitioner has failed to demonstrate how the state court's determination with respect to his intent is contrary to or an unreasonable application of *Jackson*, the clearly established federal law with regard to sufficiency. Petitioner has also failed to demonstrate that the determinations of the facts upon which the sufficiency conclusion were based, were unreasonable in light of the record. In the absence of such showings, Petitioner's habeas claim has no merit.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989)

(it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:      September 15, 2016            /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE